**Mark BIRDINE, Petitioner,**

v.

**Susan HUBBARD, Warden, Respondent.**

No. 00–17023.

D.C. No. CV–99–00637–MJJ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 2002.

Decided July 29, 2002.

Before SCHROEDER, Chief Judge, B. FLETCHER and KOZINSKI, Circuit Judges.

## MEMORANDUM *

Petitioner Mark Birdine, a California prisoner, appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. He seeks to vacate his conviction by jury of conspiracy to commit murder, murder, conspiracy to commit arson, and conspiracy to commit grand theft of personal property, petty theft, forgery of access card, receiving stolen property and counterfeiting access card. He is currently serving a sentence of twenty-five years to life. All of the crimes arise out of efforts to steal a hospital credit card machine by setting fire to a hospital. The sole challenge to the convictions is to the jury selection process.

The dispositive issue is whether Birdine, an African–American, established a prima facie case of discriminatory use of peremptory challenges by the prosecutor. The venire panel of potential jurors numbered approximately 400. The trial court observed that the potential jurors included a "disproportionate number of black persons ... far in excess of what this court's information is about the random population in the community." The record does not show, however, how many were African–American. The prosecution exercised twenty-four peremptory challenges, and eight were directed at African–Americans. The final composition of the jury included five African–Americans, three on the panel and two of the three alternates.

Defense counsel objected three times on three different occasions to the prosecution's use of peremptory challenges to exclude African–American jurors, pointing out that all of the defendants were African–American, but relying solely on the number of African–Americans the prosecutor excluded as jurors. The court said that it was making its own evaluation of reasons independent of race for the prosecution's challenges, but the court made no inquiry of the prosecution.

In order to establish a prima facie case, a defendant need only show that the defendant is a member of a cognizable group, that the prosecution has removed members of a cognizable group, and that the circumstances raise an inference of a discriminatory motive. *Batson v. Kentucky,* 476 U.S. 79, 96–97, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Once the defendant establishes a prima facie case, the prosecution must then itself supply non-discriminatory reasons for the challenges. *Id.*

As we observed in our recent decision in *Fernandez v. Roe,* 286 F.3d 1073, 1078 (9th Cir.2002), in cases involving a prima facie showing of discrimination on the basis of statistical evidence, the percentage of minority jurors challenged greatly exceeded the percentage of potential minority jurors in the juror pool. *See, e.g., Turner v. Marshall,* 63 F.3d 807, 812–13 (9th Cir. 1995) (five out of nine (56%) African–American jurors excluded by prosecutor's peremptory challenges and 30% of jury venire were African–American), *overruled on other grounds by Tolbert v. Page,* 182 F.3d 677 (9th Cir.1999) (en banc). In *Fernandez* itself, we did not rely solely on numbers but on other relevant circumstances, including considerable questioning by the trial court of the prosecutor's behavior. *Fernandez,* 286 F.3d at 1079. We have never held that a given percentage of challenges against minorities can itself establish a prima facie case in the absence of any information about the available pool, or other circumstances suggesting bias.

Here we do not have information about the available pool or any other circumstances suggesting bias. The trial court therefore correctly ruled that there had

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

been no prima facie showing of discrimination, although it should not have relied on its own evaluation of the reasons for the challenge and it may not have applied the correct standard, which is whether the circumstances "raise an inference" of discrimination. *See Batson,* 476 U.S. at 96–97. The district court, in reviewing the trial court de novo, did apply the correct standard. We agree with the district court that no inference of discrimination was raised because there was no showing that the number of African–Americans struck was disproportionate to the number in the jury pool.

Because we find that no prima facie case was established, there is no need to look to the juror questionnaires, and thus, no merit to the defense's contention that their disappearance, for reasons unknown, requires us to vacate the conviction.

AFFIRMED.